## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

SHIRLEY J. WALKER,

      Plaintiff,

vs.                                                                                                                           No. CIV 17-0991 JB\SCY

GREGORY J. SPINA; VALLEY
EXPRESS, INC., and GREAT WEST
CASUALTY COMPANY,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff Shirley Walker's request to submit her medical records as evidence at trial. See Draft Transcript of Hearing at 23:12-16 (taken January 28, 2019)(A. Ayala)("Tr.").[1] The Court does not have the medical records and bills, but it will clarify what medical records and bills it will permit. The Court concludes that, if Walker can establish that her medical records meet the requirements for rule 803(6) of the Federal Rules of Evidence -- "Records of a Regularly Conducted Activity," and rule 803(4) of the Federal Rules of Evidence -- "Statement Made for Medical Diagnosis or Treatment," the medical records as they were recorded at or very near the time of Walker's appointments will be admissible to the extent that they record the treatment providers' observations, comments, and diagnoses, and Walker's recounting of her symptoms and injuries. If Walker can establish that her medical bills meet rule 803(6)'s requirements, the Court will admit the medical bills. The Court will not admit the medical

---

[1]The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

records or medical bills under rule 807 of the Federal Rules of Evidence -- the "Residual Exception."

Any statements in Walker's medical records and medical bills that do not satisfy a hearsay exception are hearsay. Walker's medical records would almost certainly contain double hearsay. See also Wilson v. Zapata Off-Shore Co., 939 F.2d 260, 271 (5th Cir. 1991)("Double hearsay in the context of a business record exists when the record is prepared by an employee with information supplied by another person."). The medical records and medical bills, which the treatment providers recorded outside court, and which Walker presumably will introduce for the truth of the matters asserted, are out-of-court statements made for the truths of the matters asserted. See Fed. R. Evid. 801 ("'Hearsay' means a statement that: **(1)** the declarant does not make while testifying at the current trial or hearing; and **(2)** a party offers in evidence to prove the truth of the matter asserted in the statement." (bold in original)); Stephen A. Saltzburg, Michael M. Martin & Daniel J. Capra, Federal Rules of Evidence Manual § 803.02[6][d], at 803-179 (11th ed. 2015)(noting that, in Collins v. Kibort, 143 F.3d 331 (7th Cir. 1998), the Court of Appeals for the Seventh Circuit held that hospital bills were hearsay when their proponent did not satisfy the requirements for rule 803(6)'s exception). Similarly, any statements Walker made at a medical appointment and that the treatment providers record in the medical records, if Walker introduces the records for their truth, are out-of-court statements made for the truth of the matters asserted. See Fed. R. Evid. 801.

The Court will admit an entire medical record if Walker's statements, and the treatment providers' observations, comments, and diagnoses, satisfy hearsay exceptions. See Fed. R. Evid. 805 ("Hearsay within hearsay is not excluded by the rule against hearsay if each part of the

combined statements conforms with an exception to the rule."); Wilson v. Zapata Off-Shore Co., 939 F.2d at 271 ("The outsider's statement must fall within another hearsay exception to be admissible because it does not have the presumption of accuracy that statements made during the regular course of business have."). The Court discusses Walker's statements first. Rule 803(4) excepts from hearsay: "A statement that: **(A)** is made for -- and is reasonably pertinent to -- medical diagnosis or treatment; and **(B)** describes medical history; past or present symptoms or sensations; their inception; or their general cause." Fed. R. Evid. 803 (bold in original). The Court will admit the statements that Walker made to her treatment providers "for . . . medical diagnosis or treatment." Fed. R. Evid. 803(4)(B). Presumably, most of Walker's statements will meet this requirement. The Court will not admit statements about who or what caused Walker's injuries that are not "reasonably pertinent to" "medical diagnosis or treatment." Fed. R. Evid. 803(4)(A). See United States v. King, 221 F.3d 1353, 2000 WL 1028228, at *6 (10th Cir. 2000)(unpublished table opinion)[2]("[A] victim's statement to a physician identifying the person responsible for the victim's

---

[2]United States v. King is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Court of Appeals for the Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . [a]nd we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that United States v. King has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

injuries is not considered necessary for either accurate diagnosis or effective treatment, and is not admissible under Rule 803(4)." (citing United States v. Joe, 8 F.3d 1488, 1494 (10th Cir. 1993)).

The Court next considers the medical records and medical bills. Rule 803(6) of the Federal Rules of Evidence excepts from hearsay:

> A record of an act, event, condition, opinion, or diagnosis if:
>
> **(A)** the record was made at or near the time by -- or from information transmitted by -- someone with knowledge;
>
> **(B)** the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>
> **(C)** making the record was a regular practice of that activity;
>
> **(D)** all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
>
> **(E)** the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6) (bold in original). Medical records are admissible if they satisfy rule 803(6)'s requirements. See Fed. R. Evid. 803 advisory committee's notes (explaining that "the rule specifically includes both diagnoses and opinions, in addition to acts, events, and conditions, as proper subjects of admissible entries" to "make clear" that "medical diagnoses, prognoses, and test results" are admissible); Saltzburg, Martin & Capra, supra § 803.02[7][b], at 803-51 ("The House and ultimately the House-Senate Conference Committee confined the exception to 'business' records, but expansively defined the term business 'to make it clear that the records of nonprofit institutions and associations like schools, churches and hospitals are admissible under this provision.'" (quoting Fed. R. Evid. 803 advisory committee's notes)). See also United States v.

Duncan, 919 F.2d 981, 986 (5th Cir. 1990)("[T]he medical records . . . were themselves business records . . . .").

The Court presumes that most of Walker's medical records and bills will satisfy rule 803(6)'s requirements. Preliminarily, medical records and medical bills record "an act, event, condition, opinion, or diagnosis." Fed. R. Evid. 803(6). See Doali-Miller v. SuperValu, Inc., 855 F. Supp. 2d 510, 516 (D. Md. 2012)(Grimm, M.J.)(noting that a medical record is "an act, event, condition, opinion, or diagnosis" (internal quotation marks omitted)(quoting Fed. R. Evid. 803(6)). The Court will admit those medical records and medical bills that meet the other rule 803(6) requirements.

First, the portions of the medical records and the medical bills made "at or near the time" of the appointment to which the record or bill relates will satisfy rule 803(6)(A). Fed. R. Evid. 803(6)(A). Presumably, in the medical records, Walker's treatment providers discuss their observations, comments, and diagnoses, and so a person "with knowledge" made the records. Fed. R. Evid. 803(6)(A). See Doali-Miller v. SuperValu, Inc., 855 F. Supp. 2d at 517-18 (concluding that rule 803(6)(A) was satisfied where the medical record "contains Dr. Johnston's comments regarding the examination, a recording of Plaintiff's statements about her symptoms and the cause of her injuries, and Dr. Johnston's opinions and diagnoses"). Similarly, should a person within the office or hospital have produced the medical bills, a person with knowledge of the treatments and charges made those bills. Those medical records, notes, and bills made within days or a reasonable billing period of Walker's appointments satisfy rule 803(6)(A)'s temporal element. See Doali-Miller v. SuperValu, Inc., 855 F. Supp. 2d at 517-18 (concluding that medical records made within a day of an appointment satisfy rule 803(6)(a)). Any medical records, notes, or bills added

weeks, months, or near a year after the appointment or events described, however, do not meet the "at or near the time" requirement, and the Court will preclude such evidence. See Saltzburg, Martin & Capra, supra § 803.03[6][d], at 803-179 (describing that emails prepared in 2012 regarding events from 2011 do not meet the "at or near the time" requirement (citing Ira Green, Inc. v. Military Sales & Serv. Co., 775 F.3d 12 (1st Cir. 2014))).

Second and third, the medical records and the medical bills kept in the office's or hospital's ordinary business activities, and as a regular practice, meet rule 803(6)(B) and (C)'s requirements. Most of Walker's medical records will likely satisfy these standards. See Collins v. Kibort, 143 F.3d at 337 ("We do not doubt that Collins' hospital maintains its bills in the course of its regularly conducted activity and that it was part of this hospital's regular business practice to create and maintain its bills."); Wilson v. Zapata Off-Shore Co., 939 F.2d at 271 (noting that, regarding rule 803(6), "[t]he admissibility of hospital records under this exception is supported by the presumption of reliability that attaches to statements relating to treatment and medical history in such records"); Petrocelli v. Gallison, 679 F.2d 286, 290 (1st Cir. 1982)(explaining that rule 803(6) "encompasses" statements from "declarants -- like nurses or doctors in the case of hospitals -- who report to the recordkeeper as part of a regular business routine in which they are participants"). Notes added to old medical records and to old medical bills months after Walker's appointments and soon before litigation, however, are likely not part of an office's regular practice or done in the ordinary course of business. Cf. United States v. Mason, 294 F. App'x 193, 199 (6th Cir. 2008)(upholding the exclusion of two letters from doctors, which were prepared specially and not in the hospital's ordinary course of business); Doali-Miller v. SuperValu, Inc., 855 F. Supp. 2d at 516-18 ("Reports prepared by doctors during or immediately after patient examination satisfy the

requirement of regularity."). Even if a treatment provider often supplements medical records with additional information, such supplementation immediately before trial seems to advance the litigation rather than the business' ordinary course.

Fourth, the Court assumes that Walker can satisfy rule 803(6)(D) at trial but emphasizes that Walker will need to set the foundation for each rule 803(6) element. Last, the Court notes that the late additions to Walker's past medical records "indicate a lack of trustworthiness." Fed. R. Evid. 803(6)(D). Medical records and bills reflecting Walker's continuing treatment do not appear untrustworthy, nor do medical records and bills prepared and completed near the time of the relevant appointment. Defendants Gregory J. Spina, Valley Express, Inc., and Great West Casualty Company, however, argue that Walker is supplementing past medical records. See, e.g., Tr. at 16:18-17:5 (Sedillo); id. at 21:5-8 (Sedillo); id. at 21:12-22:1 (Sedillo). Medical records, notes, or bills that fill gaps in older medical records and bills are suspicious. The Defendants have the burden of showing the "lack of trustworthiness." Saltzburg, Martin & Capra, supra, § 803.02[7][g], at 803-63. See id. ("[T]he opponent might argue that a record was prepared in anticipation of litigation and is favorable to the preparing party without needing to introduce evidence on the point." (internal quotation marks omitted)(quoting Fed. R. Evid. 803(6) advisory committee's note)). The Court, however, will almost certainly not admit additions or changes that were made considerably after Walker's appointments and/or soon before trial, and the timing of which suggests that the additions were made in anticipation of litigation. See Saltzburg, Martin & Capra, supra, § 803.02[7][h], at 803-65 ("Documents prepared for litigation are prime candidates

for exclusion as untrustworthy, at least where the report is favorable to the party who prepared the record.").[3]

Because the Court will likely admit most of the medical records and medical bills under rules 803(6) and 803(4), the Court will not address rule 807 -- the "Residual Exception." The Court will nevertheless note that one element of the exception is that "the statement has equivalent circumstantial guarantees of trustworthiness" to rule 803's and rule 804's hearsay exceptions. Fed. R. Evid. 807. For the reasons that the paragraph above discusses, the Court concludes that later additions or changes to Walker's medical records or medical bills are untrustworthy, and the Court will also not admit them under rule 807. Accordingly, Walker's request is granted in part and denied in part.

**IT IS ORDERED** that: (i) Plaintiff Shirley Walker's request is granted in part and denied in part, see Draft Transcript of Hearing at 23:12-16 (taken January 28, 2019)(A. Ayala); (ii) if Walker can establish that her medical records meet the requirements for rule 803(6) of the Federal

---

[3]The Court is permitting Walker to introduce her treatment providers' testimony, because the Court has concluded that Walker's failure to disclose her treatment providers as experts is harmless. See Memorandum Opinion and Order at 64, 2019 WL 145626, at *25, filed January 9, 2019 (Doc. 111)("MOO"). For its decision, the Court depended on the assumption that the Defendants have had for an ample amount of time the information to which Walker's treatment providers would testify, and would suffer no prejudice or surprise. See MOO at 64-67, 2019 WL 145626, at *25-27. The Court will not allow Walker to now introduce testimony on which the Defendants have not previously had insight. The Court will preclude the treatment providers from testifying to information -- including diagnoses or symptoms -- that they are now remembering and adding to Walker's past medical records, and from testifying to new diagnoses and opinions regarding the injuries' causes, if the treatment providers developed such thoughts in Walker's recent ongoing treatment. See MOO at 68-70, 2019 WL 145626, at *26. Such testimony will prejudice and is surprising the Defendants. See McCann v. Miller, 502 F. App'x 163 (3rd Cir. 2012)(upholding a district court's decision to preclude a treating physician's testimony on causation and prognosis when the testifying physician's proponents did not disclose their intent to call the treating physician as an expert until shortly before trial).

Rules of Evidence and rule 803(4) of the Federal Rules of Evidence, the medical records as they were recorded at or very near the time of Walker's appointments will be admissible to the extent that they record the treatment providers' observations, comments, and diagnoses, and Walker's recounting of her symptoms and injuries; and (iii) if Walker can establish that her medical bills meet rule 803(6)'s requirements, the Court will admit the medical bills.

                                                     _____
                                                   UNITED STATES DISTRICT JUDGE

*Counsel*:

Shavon M. Ayala
Ayala P.C.
Albuquerque, New Mexico

--and--

Anthony James Ayala
Law Offices of Anthony James A. Ayala
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Raul P. Sedillo
Allison M. Beaulieu
Butt Thornton & Baehr PC
Albuquerque, New Mexico

      *Attorneys for the Defendants*