IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHIRLEY J. WALKER,

      Plaintiff,

vs.                                                                                                         No. CIV 17-0991 JB\SCY

GREGORY J. SPINA; VALLEY
EXPRESS, INC., and GREAT WEST
CASUALTY COMPANY,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff Shirley Walker's request to introduce at trial, and in response to Defendant Gregory J. Spina's anticipated testimony, the police report for Walker and Spina's automobile accident and the traffic citation for following too closely given to Spina after the accident. See Draft Transcript of Hearing at 3:6-5:11 (taken January 5, 2019)(A. Ayala). The request arose at the Court's February 5, 2019, hearing. The primary issues are: (i) whether the police report and the traffic citation are hearsay; and (ii) whether the Court should admit the police report and the traffic citation pursuant to rule 403 of the Federal Rules of Evidence. The Court assumes that Walker refers to the same police report that she attached to the Plaintiff Shirley J. Walker's Response to Defendnts' [sic] Motion for Partial Summary Judgment on Plaintiff's Claim for Punitive Damages, filed September 6, 2018 (Doc. 77)(attaching State of New Mexico Uniform Crash Report, filed September 6, 2018 (Doc. 77)(hereinafter, "Police

Report")).¹ The Court concludes that: (i) the Police Report and the traffic citation are not hearsay; and (ii) the Police Report and the traffic citation are admissible pursuant to rule 403. The Court first addresses whether the Police Report or the traffic citation violate the prohibition on hearsay. The Court then turns to whether it will admit the Police Report and the traffic citation pursuant to rule 403.

First, the Court addresses whether the Police Report and the traffic citation violate the prohibition on hearsay. Both documents may violate the prohibition if Walker introduces them for the truth of the matters asserted but not if Walker introduces them to impeach Spina. "'Hearsay' means a statement that: **(1)** the declarant does not make while testifying at the current trial or hearing; and **(2)** a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c) (bold in original). The New Mexico State Police officer who produced the Police Report and issued the citation, "Q. Webb," Police Report at 4, recorded both statements outside court would be hearsay, see Fed. R. Evid. 801(c)(1). If Walker introduces the Police Report and traffic citation for the truth of the matters asserted therein and fulfills rule 801(c)(2), rule 801 will, absent an exception, bar the evidences' introduction. See Fed. R. Evid. 801(c)(2). Walker may, however, introduce the Police Report and the traffic citation for impeachment purposes. Rule 801(c)(2) is not met when a party offers evidence for impeachment. In such situations, the party introduces the evidence for purposes other than the truth of the matters asserted. See Stephen A. Saltzburg, Michael M. Martin, & Daniel J. Capra, Federal Rules of Evidence Manual § 801.03[2][f][ix], at 801-136 to -138 (11th ed. 2015)(citing cases classifying

---

¹Walker did not attach as an exhibit the Police Report to which she referred at the hearing. The Court may need to reconsider its memorandum opinion and order if Walker was referring to a different Police Report.

evidence used for impeachment as non-hearsay evidence). Walker explains that she will introduce the Police Report and traffic citation if Spina testifies to information contradicting the sources. If Walker introduces the documents for such purposes, neither the Police Report nor the traffic citation would violate the rule against hearsay.

If Walker desires to introduce the Police Report and the traffic citation for the truth of the matters asserted, several hearsay exceptions could accommodate the portions of the Police Report describing the officer's observations and factual findings. Rule 803(8)(A)(ii) of the Federal Rules of Evidence makes admissible "a record or statement of a public office" setting out "a matter observed while under a legal duty to report," although the rule excludes from the exception, "in a criminal case, a matter observed by law-enforcement personnel." Fed. R. Evid. 803(8)(A)(ii). Under rule 803(8)(A)(iii) of the Federal Rules of Evidence, "[a] record or statement of a public office . . . [that] sets out . . . factual findings from a legally authorized investigation" is admissible "in a civil case." Fed. R. Evid. 803(8)(A)(iii). Both exceptions apply only if "the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness." Fed. R. Evid. 803(8)(B). Rule 803(6) of the Federal Rules of Evidence provides:

> **(6) Records of a Regularly Conducted Activity.** A record of an act, event, condition, opinion, or diagnosis if:
>
> **(A)** the record was made at or near the time by -- or from information transmitted by -- someone with knowledge;
>
> **(B)** the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>
> **(C)** making the record was a regular practice of that activity;
>
> **(D)** all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and

> **(E)** the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6). Courts have held police reports admissible under all the above exceptions. See, e.g., United States v. Snyder, 787 F.2d 1429, 1434 (10th Cir. 1986)(admitting police report under 803(6)); United States v. DeLeon, 316 F. Supp. 3d 1303, 1306 (D.N.M. 2018)(Browning, J.)(admitting police report under 803(A)(iii)); Dorato v. Smith, 108 F. Supp. 3d 1064, 1071 n.6 (D.N.M. 2015)(Browning, J.)(noting that police reports are admissible under 803(A)(ii)); Sanchez v. Cano-Marquez, No. CIV 14-0926 MV/GBW, 2015 WL 13662863, at *4 (D.N.M. April 20, 2015)(Wormuth, M.J.), report and recommendation adopted, No. CIV 14-0926 MV/GBW, 2015 WL 13662864 (D.N.M. May 21, 2015)(Vazquez, J.)(same); Wood v. Millar, No. CIV 13-0923 RB/CG, 2015 WL 12661926, at *4 (D.N.M. Feb. 19, 2015)(Brack, J.)(same); Michell v. Thompson, No. CIV 12-0316 KBM/GBW, 2013 WL 12333985, at *1 (D.N.M. March 5, 2013)(Molzen, M.J.)(same); Lunsford v. Howard, No. CIV 11-0169 LH/LAM, 2012 WL 13081663, at *6 (D.N.M. March 31, 2012)(Hansen, J.)(admitting police report under 803(6)); United States v. Goad, 739 F. Supp. 1459, 1461 (D. Kan. 1990)(Theis, J.)(same). Only a police officer's observations and knowledge, however, are admissible under the exceptions above. See, e.g., United States v. Snyder, 787 F.2d at 1434 ("[I]t is well established that although entries in a police or investigating officer's report which result from the officer's own observations and knowledge may be admitted, statements made to the officer by third parties under no business duty to report may not." (citing United States v. Pazsint, 703 F.2d 420, 424 (9th Cir. 1983)); Meder v. Everest & Jennings, Inc., 637 F.2d 1182, 1186-87 (8th Cir. 1981); United States v. Yates, 553 F.2d 518, 521 (6th Cir. 1977); United States v. Smith, 521 F.2d 957, 964 (D.C. Cir. 1975)); Dorato v. Smith, 108 F. Supp. 3d at 1071 n.6 (noting that third parties' statements in police reports require

separate hearsay exceptions (citing Walker v. City of Okla. City, 203 F.3d 837, 2000 WL 135166, at *8 (10th Cir. Feb. 7, 2000)(unpublished table opinion))[2]).

In its Memorandum Opinion and Order, 2018 WL 6519133, filed December 11, 2018 (Doc. 104)("MOO"), the Court concluded that this Police Report was admissible:

> The Court concludes that the Police Report is admissible under rule 803(8)(a)(iii). Walker brings a civil suit, which does not threaten to contravene rule 803(8)(a)(iii)'s limitations on law enforcement reports in criminal cases. See Fed. R. Evid. 803(8)(a)(iii). The New Mexico State Police officer who produced the Police Report, "Q. Webb," Police Report at 4, acted during a "legally authorized investigation," Fed. R. Evid. 803(8)(a)(iii). See N.M. Stat. Ann. § 29-1-1. [This statute provides:
>
>> It is hereby declared to be the duty of every sheriff, deputy sheriff, constable and every other peace officer to investigate all violations of the criminal laws of the state which are called to the attention of any such officer or of which he is aware, and it is also declared the duty of every such officer to diligently file a complaint or information, if the circumstances are such as to indicate to a reasonably prudent person that such action should be taken, and it is also declared his duty to cooperate with and assist the attorney general, district attorney or other prosecutor, if any, in all reasonable ways. Such cooperation shall include the prompt reporting of all arrests for liquor law violations at licensed liquor establishments to the department of alcoholic beverage control. Failure to perform his duty in any material way shall subject such officer to removal from office and payment of all costs of prosecution.

---

[2]Walker v. City of Oklahoma City is an unpublished opinion, but the Court can rely on an unpublished opinion from the United States Court of Appeals for the Tenth Circuit to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished opinions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated: "In this circuit, unpublished orders are not binding precedent, . . . and . . . citation to unpublished opinions is not favored. However, if an unpublished opinion . . . has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision." United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that Walker v. City of Oklahoma City has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

N.M. Stat. Ann. § 29-1-1.] Webb records events and findings from the crime scene -- including the automobile accident's location and date, the road's state, the automobiles' damages, and Spina's statements. See Fed. R. Evid. (8)(a)(iii); Police Report at 1-4; United States v. Snyder, 787 F.2d at 1434; United States v. DeLeon, 316 F. Supp. 3d at 1306-07.[3]

MOO, at 41-42, 2018 WL 6519133, at *15. To admit Spina's statements in the Police Report, see Police Report at 2, Walker requires another hearsay exception. Rule 801(d)(2), for instance, specifies an exclusion from hearsay for opposing party's statements; it excludes a statement, if "[t]he statement is offered against an opposing party and: **(A)** was made by the party in an individual or representative capacity." Fed. R. Evid. 801(d)(2). Under this exception, any statements from Spina would be excepted from hearsay. In the MOO, the Court notes that Spina's statements in the Police Report are admissible:

> Although the 803(8)(a)(iii) exception does not cover Spina's statements, see, e.g., United States v. Snyder, 787 F.2d at 1434; Walker v. City of Okla. City, 2000 WL 135166, at *8, his statements, as an opposing party's statements, are excluded from hearsay, see Fed. R. Evid. 801(d)(2); Fed. R. Evid. 805.

MOO at 42, 2018 WL 6519133, at *15.

The traffic citation and evidence that Spina paid and pled guilty to the traffic citation, if Walker has such evidence, are also excepted from hearsay. At least one court has stated that rule 803(6)'s exception for regularly conducted activities covers traffic citations. See Medina v. City of Chicago, No. 01 C 9490, 2002 WL 31027965, at *2 (N.D. Ill. Sept. 10, 2002)(Conlon, J.). The

---

[3]The Court does not have sufficient evidence before it to determine whether the Police Report satisfies rule 803(6)'s requirements. Further, the Court has not been able to locate a statute conveying on New Mexico State Police a "legal duty to report," Fed. R. Evid. 803(8)(A)(ii), in an "Uniform Crash Report," Police Report at 1, observations from automobile accidents.

MOO, at 41 n.16, 2018 WL 6519133, at *15 n.16.

Court does not have sufficient information to determine whether the traffic citation at issue satisfies 803(6). Another court has suggested that rule 803(8) might encompass traffic citations. See Ramirez v. City of Chicago, No. 05C317, 2009 WL 3852378, at *3 (N.D. Ill. Nov. 17, 2009)(Shadur, J.). See also Lennon v. City of Carmel, No. 1:15-CV-02072-JMS-MJD, 2016 WL 5851595, at *3 (S.D. Ind. Oct. 6, 2016)(Magnus-Stinson, J.)(implying that traffic tickets are public records). The Court agrees that the traffic citation satisfies rule 803(8). The determination that Spina followed too closely is "a factual finding . . . from a legally authorized investigation." Fed. R. Evid. 803(8)(A)(iii). That Spina paid and pled guilty to the traffic citation, however, constitutes "a statement . . . offered against an opposing party, which Spina made as "an individual." Fed. R. Evid. 801(d)(2).

Second, the Court considers whether to admit the Police Report and the traffic citation pursuant to rule 403. The Court will admit the Police Report. Rule 403 provides: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Courts have suggested little concern about police reports violating rule 403. See, e.g., Peden v. State Farm Mut. Auto. Ins., No. 14-CV-00982-LTB-KLM, 2018 WL 3496735, at *7 (D. Colo. July 20, 2018)(Babcock, J.)(not discussing police report's prejudice). The Police Report recounts Quinn's observations and Spina's statements. Although the jury may afford heavy weight to the Police Report's description, because an official law enforcement officer believed those facts, if only the facts recorded in the Police Report are presented to the jury, the jury can likely distinguish for itself whether the accounts in the Police Report are trustworthy, and the weight to give those and

others' accounts. See Hill v. Rolleri, 615 F.2d at 890 (rejecting an argument that, "because the statements were 'enshrined' in a police report, the jury would accord them some special credibility," because "[t]he jury must be credited with the competence to understand that Farley's statements were his alone and that the officer did not necessarily approve of them by noting them in his report." (no citation to quotation in original)). The Police Report may even help the jury further envision the accident. See Rhodes v. Curtis, No. CIV. 04-476-P, 2006 WL 1047021, at *2 (E.D. Okla. April 12, 2006)(Payne, J.)("[T]he findings of the investigating officer could be helpful to the jury's determination of the facts surrounding this accident[.]"). The Court, therefore, will admit the Police Report.

If Walker can only show that Quinn cited Spina, the Court will not admit that evidence. If Walker can show that Quinn cited Spina and that Spina paid and/or pled guilty to the traffic citation, the Court will admit that evidence. Under rule 403, courts hesitate to admit all evidence related to traffic citations; courts distinguish between evidence that an individual was cited, and evidence that an individual paid or pled guilty to a traffic citation. See, e.g., Two Rivers Bank & Tr. v. Atanasova, 686 F.3d 554, 563 (8th Cir. 2012)("Federal courts have suggested however that the prejudicial effect of evidence of a contested citation outweighs its probative value."); Bergeron v. Great W. Cas. Co., No. CIV.A. 14-13, 2015 WL 3505091, at *4 (E.D. La. June 3, 2015)(Morgan, J.)(noting "that evidence of a traffic citation is only admissible if the defendant pleaded guilty to the citation"); Cunningham v. Wash. Gas Light Co., No. CIV.A. 86-2392 (RCL), 1988 WL 90400, at *1 (D.D.C. Aug. 11, 1988)(Lamberth, J.)("[T]he mere issuance or failure to issue a traffic citation is not admissible in a civil trial.").

The Court concludes that admitting evidence only that Quinn cited Spina would unfairly prejudice the Defendants and confuse the jury. The jury may give the citation unnecessary weight or confuse the citation with evidence of liability or even a determination of negligence. See Hill v. Rolleri, 615 F.2d 886, 890 (9th Cir. 1980)("Since an arrest is not considered evidence of guilt, a citation should not be considered evidence of negligence."). A traffic citation alone reflects only the officer's conclusion about events, and, especially when the officer may not have himself observed the accident, that conclusion deserves no special weight. See Hillyer v. David Phillips Trucking Co., 606 F.2d 619, 619-20 (5th Cir. 1979)(concluding that admitting a traffic citation was prejudicial, because "the fact that the investigating officer had made a charge against Gale remained before the jury").

That Spina paid and/or pled guilty to the traffic citation, however, has a probative value that outweighs its prejudice. Such evidence suggests that Spina understood that he committed the traffic violation. See Two Rivers Bank & Tr. v. Atanasova, 686 F.3d at 563 (treating only contested citations as too prejudicial for admission); Turner v. Silver, 1978-NMCA-107, ¶¶ 9, 17-19, 587 P.2d 966, 968-69 (holding, where the defendant paid a fine and "understood that he was guilty," "the rule to be that a party who is charged with a traffic offense and pays a fine because he understood or thought that he was guilty, is akin to a party who pleads guilty"). Contra Stehn v. Cody, 74 F. Supp. 3d 140, 145-48 (D.D.C. 2014)(Kollar-Kotelly, J.)(precluding deposition testimony that a defendant paid a traffic violation, because the jury would confuse the defendant's statement with an admission that he actually failed to yield, and because the statement would unfairly prejudice the defendant as the jury would interpret it as an admission of liability); Anthony v. Wash. Metro. Area Transit Auth., 2005 WL 5329518, at *4 (concluding that the prejudice of

paying a traffic citation outweighs its probative value). A jury can reasonably conclude that Spina, whose livelihood depends on driving commercial vehicles and whose driving Valley Express oversees, would have contested the traffic citation if he had not been following too closely. That Spina did not contest the traffic citation indicates that he believed himself to have been following too closely, which supports Walker's argument that he drove negligently. If Spina paid the traffic citation but did not believe that he committed the traffic violation, Spina can explain his belief on cross-examination. A jury has experience driving and paying for traffic tickets. The jury understands that some people may pay traffic tickets only when they believe that the citation was justified and that others may pay traffic tickets because they do not want the bother of contesting the citations. The jury, therefore, can decide for itself how to interpret Spina's actions regarding the traffic citation if Spina pled guilty or paid the traffic ticket.[4] Accordingly, the Court grants Walker's request in part and denies it in part.

**IT IS ORDERED** that: (i) Plaintiff Shirley Walker's request to introduce at trial, and in response to Defendant Gregory J. Spina's anticipated testimony, the Police Report and the traffic citation is granted in part and denied in part; (ii) the Police Report is admissible; (iii) evidence of the traffic citation is admissible if Walker can show that Spina paid and/or pled guilty to the traffic citation; and (iv) evidence of the traffic citation is inadmissible if Walker can show only that Quinn cited Spina.

---

[4]If Spina paid the traffic citation and in some manner marked that he paid but contested the traffic citation or did not plead guilty to the traffic citation, the Court will exclude evidence of the traffic citation.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Shavon M. Ayala
Ayala P.C.
Albuquerque, New Mexico

--and--

Anthony James Ayala
Law Offices of Anthony James A. Ayala
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Raul P. Sedillo
Allison M. Beaulieu
Butt Thornton & Baehr PC
Albuquerque, New Mexico

    *Attorneys for the Defendants*